UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS F. COOK, INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                        Plaintiff,<br><br>            v.<br><br>ALLERGAN PLC, BRENTON L. SAUNDERS, WILLIAM MEURY, C. DAVID NICHOLSON<br><br>                        Defendants. | Civil Action No. 1:18-cv-12089<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>Jury Trial Demanded |

Plaintiff Thomas F. Cook ("Plaintiff"), by and through his attorneys, alleges upon

personal knowledge as to himself, and upon information and belief as to all other matters, based

upon the investigation conducted by and through his attorneys, which included, among other

things, a review of documents filed by Defendants (as defined below) with the United States

Securities and Exchange Commission (the "SEC"), news reports, press releases issued by

Defendants, and other publicly available documents, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a federal securities class action on behalf of all investors who purchased or

otherwise acquired Defendant Allergan plc ("Allergan" or the "Company") common stock

between May 9, 2017 and December 19, 2018, inclusive (the "Class Period"). This action is

brought on behalf of the Class for violations of Sections 10(b) and 20(a) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5

promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

2.      Allergan is a pharmaceutical company which purports to develop, manufacture, and commercialize pharmaceuticals, devices and biologic products. These products include textured breast implants and tissue expanders.

3.      During the Class Period, and unbeknownst to investors, Allergan misled investors by boasting about various "pharma and device approvals" while concealing from investors the fact that the Company's CE Mark for its textured breast implants and tissue expanders was expiring in Europe.  The truth was revealed on December 19, 2018, when the Company announced that it had suspended the sale of these products and that it was withdrawing all remaining supplies from European markets. The withdrawal followed a compulsory recall request from Agence Nationale de Sécurité du Médicament ("ANSM"), the French regulatory authority. The suspension of sales stemmed directly from the expiration of the company's CE Mark for these products.

## JURISDICTION AND VENUE

4.      The federal law claims asserted herein arise under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, as well as under the common law.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa.

6.      This Court has jurisdiction over each Defendant named herein because each Defendant is an individual or corporation who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1931(b). Allergan shares trade in this district, and many of the acts

{00297821  }                                        2

charged herein, including the dissemination of materially false and misleading information, occurred in substantial part in this District.

8.      In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the New York Stock Exchange ("NYSE"), a national securities exchange.

## PARTIES

9.      Plaintiff Thomas F. Cook is an individual residing in Maricopa County, in the State of Arizona. Plaintiff acquired and held shares of the Company at artificially inflated prices during the Class Period and has been damaged by the revelation of the Company's material misrepresentations and material omissions.

10.      Defendant Allergan plc is an Irish-tax registered pharmaceutical company with its principal place of business in Dublin, Ireland. The Company's stock trades on the New York Stock Exchange under the ticker symbol "AGN".

11.      Defendant Brenton L. Saunders ("Saunders") has been the Chairman, President, and Chief Executive Officer of Allergan since March 2015.

12.      Defendant William Meury ("Meury") has been the Chief Commercial Officer, and Executive Vice President, of Allergan since May 2016.

13.      Defendant C. David Nicholson ("Nicholson") has been the Chief Research & Development Officer, and Executive Vice President, of Allergan since March 2015.

14.      Collectively, Saunders, Meury, and Nicholson, are referred to throughout this complaint as the "Individual Defendants".

15.      The Individual Defendants, because of their positions at the Company, possessed the power and authority to control the content and form of the Company's annual reports,

{00297821 }                                                3

quarterly reports, press releases, investor presentations, and other materials provided to the SEC,

securities analysts, money and portfolio managers and investors, *i.e.*, the market. The Individual

Defendants authorized the publication of the documents, presentations, and materials alleged

herein to be misleading prior to its issuance and had the ability and opportunity to prevent the

issuance of these false statements or to cause them to be corrected. Because of their positions

with the Company and access to material non-public information available to them but not to the

public, the Individual Defendants knew that the adverse facts specified herein had not been

disclosed to and were being concealed from the public and that the positive representations being

made were false and misleading. The Individual Defendants are liable for the false statements

pleaded herein.

## SUBSTANTIVE ALLEGATIONS

16.     The Class Period begins on May 9, 2017, when Allergan misled investors during

its Q1 2017 Earnings Call (the "First Earnings Call"). All of the Individual Defendants

participated in the First Earnings Call during which Nicholson stated in pertinent part:

> Now delivering the pipeline. So far this year, we've made significant progress.
> We've achieved 8 major pharma and device approvals, including RHOFADE for
> rosacea, LINZESS 72 micrograms for ISB-D and CIC, TrueTear for dry eye,
> and VOLLURE for nasolabial folds. And we submitted 7 programs for review
> by the major regulatory authorities, including VRAYLAR for schizophrenia
> maintenance, a multidose preservative-free formulation of Ganfort for glaucoma
> in Europe as well as additional indications for our breast implants and fillers.
> Together with our partner Amgen, we filed for approval of a biosimilar to
> Herceptin in the EU.

17.     Nicholson touted the Company's progress in securing "major pharma and device

approvals" and boasted that the Company had "additional indications for [its] breast implants

and fillers." At no time did the Individual Defendants, or any of the Company's other executives

who hosted the First Earnings Call reveal that the Company's CE mark for textured breast implants and tissue expanders was expiring in Europe the following year.

18.     On November 1, 2017, Allergan misled investors during its Q3 2017 Earnings Call (the "Second Earnings Call"). All of the Individual Defendants participated in the Second Earnings Call during which Meury stated in pertinent part:

> The Plastics and Regenerative Medicine business had another strong quarter, too. Sales for ALLODERM, the Tissue Matrix for breast reconstruction and the flagship of the line are exceeding expectations.
>
> Our breast implants business also had a strong quarter, powered by the launch of 2 new premium implants, INSPIRA SoftTouch and Cohesive.

19.     Meury touted the fact that the Company's breast implants business had a strong quarter. At no time did the Individual Defendants, or any of the Company's other executives who hosted the Second Earnings Call reveal that the Company's CE mark for textured breast implants and tissue expanders was expiring in Europe the following year.

20.     On February 6, 2018, Allergan misled investors during its Q4 2017 Earnings Call (the "Third Earnings Call"). All of the Individual Defendants participated in the Thirds Earnings Call during which Meury stated in pertinent part:

> In Plastics and Regenerative Medicine, fourth quarter U.S. sales were exceptionally strong, up 15% on a pro forma basis versus last year. Growth in this segment has been driven primarily by ALLODERM, our tissue matrix for breast reconstruction, which is exceeding expectations; and market share gains for our 2 new INSPIRA breast implants. Our implant client also benefitted from supply disruptions at a key competitor.
>
> We expect ALLODERM sales growth in 2018 will remain strong, growth for our breast implant business will moderate to low single digits.

{00297821  }                                                   5

21.     Meury again touted the fact that the Company's breast implants business had a strong quarter. At no time did the Individual Defendants, or any of the Company's other executives who hosted the Third Earnings Call reveal that the Company's CE mark for textured breast implants and tissue expanders was expiring in Europe later that year.

22.     On July 26, 2018, Allergan misled investors during its Q2 2018 Earnings Call (the "Fourth Earnings Call"). All of the Individual Defendants participated in the Fourth Earnings Call during which Meury stated in pertinent part:

> In Plastics and Regenerative Medicine, ALLODERM, our tissue matrix for breast reconstruction, continues to exceed expectations. ALLODERM sales were up 26%. This product is becoming part of the standard of care in reconstructive surgeries. Sales for our breast implants were up 12% despite the reentry of a competitive product in the market. The strength in this business is a function of our new Inspira implant launch, synergies with our ALLODERM business and high-quality reliable supply.

23.     At no time did the Individual Defendants, or any of the Company's other executives who hosted the Fourth Earnings Call reveal that the Company's CE mark for textured breast implants and tissue expanders was expiring in Europe later that year.

24.     The truth was revealed more than a year later, on December 19, 2018, when Allergan issued a press release titled, "Allergan Suspends Sales and Withdraws Supply of Textured Breast Implants in European Markets." This press release stated in pertinent part:

> [Allergan] a leading global biopharmaceutical company, today announced that the company has suspended sales of textured breast implants and tissue expanders and is withdrawing any remaining supply in European markets. The withdrawal decision follows a compulsory recall request from Agence Nationale de Sécurité du Médicament (ANSM), the French regulatory authority. The suspension of sales stems from the expiration of the company's CE Mark for these products.

{00297821 }

25.     Following this disclosure the Company's stock price fell drastically, from $146.76 on December 18, 2018 to $136.56 on December 19, 2018, a drop of 7%.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all persons and entities who purchased or otherwise acquired Allergan common stock between May 9, 2017 and December 19, 2018, inclusive. Excluded from the Class are Defendants, directors and officers of the Company, as well as their families and affiliates.

27.     The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. More than 345,000,000 AGN shares trade on the NYSE.

28.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

   a.   Whether the Exchange Act was violated by Defendants;

   b.   Whether Defendants omitted and/or misrepresented material facts;

   c.   Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

   d.   Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

   e.   Whether the price of the Company's stock was artificially inflated; and

   f.   The extent of damage sustained by Class members and the appropriate measure of damages.

{00297821 }                                              7

29.     Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct alleged herein.

30.     Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests that conflict with those of the Class.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FRAUD ON THE MARKET

32.     Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine that, among other things:

    a.  Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

    b.  The omissions and misrepresentations were material;

    c.  The Company's common stock traded in efficient markets;

    d.  The misrepresentations alleged herein would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

    e.  Plaintiff and other members of the class purchased the Company's common stock between the time Defendants misrepresented or failed to disclose material facts and the time that the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

33.     At all relevant times, the markets for the Company's stock were efficient for the following reasons, among others: (i) the Company filed periodic public reports with the SEC; and (ii) the Company regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the

major news ire services and through other wide-ranging public disclosures such as

communications with the financial press, securities analysts, and other similar reporting services.

Plaintiff and the Class relied on the price of the Company's common stock, which reflected all

information in the market, including the misstatements by Defendants.

## NO SAFE HARBOR

34.     The statutory safe harbor provided for forward-looking statements under certain

conditions does not apply to any of the allegedly false statements pleaded in this Complaint. The

specific statements pleaded herein were not identified as forward-looking statements when made.

35.     To the extent there were any forward-looking statements, there were no

meaningful cautionary statements identifying important factors that could cause actual results to

differ materially from those in the purportedly forward-looking statements.

## LOSS CAUSATION

36.     On December 18, 2018, the Company's stock closed at $146.76. The next trading

day after the Company disclosed the compulsory recall request from ANSM, flowing from the

expiration of the Company's CE Mark for textured breast implants and tissue expanders, the

stock closed at $136.56. This decline in stock price is directly attributable to the company's

corrective disclosure.

## CAUSES OF ACTION

### Count I
### Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

37.     Plaintiff repeats and re-alleges each and every allegation contained above as if

fully set forth herein.

38.     During the Class Period, Defendants disseminated or approved the false

statements specified above, which they knew or deliberately disregarded were misleading in that

{00297821 }                               9

they contained misrepresentations and failed to disclose material facts necessary in order to make

the statements made, in light of the circumstances under which they were made, not misleading.

39.     Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they (i)

employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact

and/or omitted to state material facts necessary to make the statements not misleading; and (iii)

engaged in acts, practices, and a course of business which operated as a fraud and deceit upon

those who purchased or otherwise acquired the Company's securities during the Class Period.

40.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity

of the market, they paid artificially inflated prices for the Company's common stock. Plaintiff

and the Class would not have purchased the Company's common stock at the price paid, or at all,

if they had been aware that the market prices had been artificially and falsely inflated by

Defendants' misleading statements.

**Count II**
**Violation of § 20(a) of the Exchange Act**
**(Against The Individual Defendants)**

41.     Plaintiff repeats and re-alleges each and every allegation contained above as if

fully set forth herein.

42.     The Individual Defendants acted as controlling persons of the Company within

the meaning of § 20(a) of the Exchange Act as alleged herein. By virtue of their high-level

positions at the Company, the Individual Defendants had the power and authority to cause or

prevent the Company from engaging in the wrongful conduct complained of herein. The

Individual Defendants were provided with or had unlimited access to the documents where false

or misleading statements were made and other statements alleged by Plaintiffs to be false or

misleading both prior to and immediately after their publication, and had the ability to prevent

the issuance of those materials or to cause them to be corrected so as not to be misleading.

{00297821 }                                    10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)       determining that this action is a proper class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class as defined herein, and a certification of Plaintiff as class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff's counsel as Lead Counsel;

(b)       awarding compensatory and punitive damages in favor of Plaintiff and the other class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including pre-judgment and post-judgment interest thereon;

(c)       awarding Plaintiff and other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

(d)       awarding Plaintiff and the other Class members such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

{00297821  }

11

Dated: December 20, 2018                Respectfully submitted,

_____

**FINKELSTEIN BLANKINSHIP**
**FREI-PEARSON & GARBER LLP**
Greg Blankinship
445 Hamilton Ave, Suite 605
White Plains, NY 10601
Tel: 914-298-3281
Fax: 914-824-1561
Gblankinship@fbfglaw.com

*Local Counsel for Plaintiff*

**BLOCK & LEVITON LLP**
Jeffrey C. Block (*pro hac vice* forthcoming)
Jacob A. Walker (*pro hac vice* forthcoming)
155 Federal Street, Suite 400
Boston, Massachusetts 02110
Tel: (617) 398-5600
Fax: (617) 507-6020
jeff@blockesq.com
jake@blockesq.com

*Counsel for Plaintiff*

{00297821  }                                   12