**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

                                    ⸱CALLY FILE⸱

| | |
|---|---|
| In re Allergan PLC Securities Litigation | No. 18-cv-12089-CM    2/24/2020 |
| | CLASS ACTION |
| | JURY TRIAL DEMANDED |
| | This Document Relates To: All Actions |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

## 1.    PURPOSES AND LIMITATIONS

Discovery requests and subpoenas served in the above-captioned action (the "Action") may call for the production or disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), personal data or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose other than prosecuting or defending this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## 2.    DEFINITIONS

2.1    Highly Confidential Material: any Party may, subject to the provisions of this Order, designate as "Highly Confidential" any Personal Data and/or any Discovery Material that meets the requirements for Confidential Material, as set forth below, and which a Producing Party believes in good faith would likely cause competitive, or financial injury if disclosed. This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, including, but not limited to (i) information reflecting product design or development; (ii) non-public technical or scientific research; (iii) pricing and business strategy

documents concerning a particular product or line of products; (iv) financial information not previously disclosed to the public, such as statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data; (v) sales information or communications relating to specific customers or classes of customers; (vi) proprietary business information or confidential trade secrets; or (vii) any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c). Highly Confidential Material includes information for which applicable law—whether foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Order.

2.2    Confidential Material: any Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Party believes in good faith is confidential and where the Party would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain it in confidence.

2.3    Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.4    Counsel (without qualifier): Outside Counsel and In-House Counsel.

2.5    Designating Party: any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

2.6    Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other

information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.7     Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.8     In-House Counsel: attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Confidential Material or Highly Confidential Material is reasonably necessary in connection with the prosecution or defense of this Action.

2.9     Non-Party: any natural person or entity that is not a named party to the Action.

2.10    Outside Counsel: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

2.11    Party: any party to the Action, including all of its affiliates, officers, directors, and employees.

2.12    Personal Data: any Discovery Material that a Party believes in good faith to be sensitive personally identifiable information or subject to federal, state, or foreign data protection laws or other privacy obligations, including, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the California Consumer Privacy Act (California Civil Code, § 1798.100); the

-3-

Directive 95/46/EC of the European Parliament and the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (EU Data Protection Directive); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 (General Data Protection Regulation); Data Protection Act 2018 (c. 12) (United Kingdom personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); Federal Privacy Act 1988 (Cth) (Australia data protection); Australian Privacy Principles (APPs). Personal Data shall be treated as Highly Confidential Material under this Order; provided, however, that nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international protocols rather than pursuant to the Federal Rules of Civil Procedure.

2.13    Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity.

2.14    Producing Party: any Party or Non-Party that produces Discovery Material in this Action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium, etc.) and their employees and subcontractors.

2.16    Receiving Party: any Party or Non-Party that receives Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this Action as set forth in this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. However, except as set forth in Section 15.3, this Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this Action.

## 4.    DURATION

The obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1     Designating Bulk Material for Protection: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "claw back" procedures in this Order (Section 15) or as otherwise agreed to by the Parties or ordered by the Court. In doing so, the Designating Party may designate those collections of documents that it has a good faith basis for believing by their nature contain Protected Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation.

5.2     Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in non-native documentary form, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document, and include the applicable designation in the metadata produced for such document.

(b)    for deposition transcripts and/or deposition exhibits in this Action, that the Designating Party designate any portions of the testimony as "Confidential" or "Highly Confidential" on the record of the deposition, or in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be protected by the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate). Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party. If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(c)    for information produced in electronic, audio, or video format for bulk productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document. Whenever a Receiving Party to whom

-6-

electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

(d) for documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

(e) for interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to service.

(f) for reports created by an expert or consultant relying on or incorporating Confidential Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the cover of the report.

5.3 Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation. Thereafter, the material so designated shall be treated as Protected Material in conformity with the new designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party will replace the incorrectly designated material and will destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Protected Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Protected Material

promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate information or documents as Protected Material does not waive the Producing Party's right to secure protection under this Order for such material.

5.4     Upward Designation of Information or Documents Produced by Other Parties or Non-Parties: A Party or Non-Party may upward designate (*i.e.*, change any Discovery Material produced without a designation of Confidential Material or Highly Confidential Material to Confidential Material or Highly Confidential Material) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's or Non-Party's Protected Material. Upward designation shall be accomplished by providing written notice to all Parties and/or Non-Parties identifying (by production number or other individually identifiable information) the Discovery Material to be re-designated. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 7 regarding challenging designations.

## 6.     REDACTIONS

6.1 Privilege Redactions: Any Producing Party may redact from any Discovery Material any Privileged Material. For redacted items that were originally ESI, and to the extent practicable in light of applicable privilege assertions, metadata fields will be provided and will include as much non-redacted data as practicable without waving any privilege claims. Documents redacted for privilege shall be identified as such in the load file provided with the production.

6.2 Personal Data Redactions: Any Producing Party may redact from any Discovery Material any Personal Data that the Producing Party claims in good faith is required to be redacted under any federal, state or foreign data protection laws or other privacy obligations. Any redactions of Personal Data shall be marked "Personal Data." The Producing Party shall preserve

an unredacted version of each such Discovery Material. Personal Data shall be redacted from any public filing not filed under seal.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS AND REDACTIONS

7.1    Meet and Confer:    If a Party elects to challenge a Designating Party's confidentiality designation or redactions, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including, for example, by production number, and by providing a basis for the challenge. The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed. If the Designating Party agrees to change a confidentiality designation or redaction, it must promptly notify all Receiving Parties that it is withdrawing the designation or redaction.

7.2    Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation or redaction during the meet-and-confer process set forth in Section 7.1, above, the Party challenging the designation or redaction may seek relief from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation or redaction should be changed, the Parties shall immediately treat the material in accordance with the Court's change in designation, and the Designating Party shall reproduce copies of all materials with their designations or redactions changed in accordance with the ruling within ten (10) business days of the ruling.

## 8.    ACCESS TO AND USE OF DISCOVERY MATERIAL

8.1 Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation, action or proceeding, or evaluation of other potential claims not asserted in the Action. Following the termination of this Action, each Receiving Party must comply with the provisions of Section 13, below.

8.2 Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a) the Receiving Party's Counsel to whom disclosure is reasonably necessary in connection with the prosecution or defense of this Action;

(b) current officers, directors, or employees of each Receiving Party, to the extent that such disclosure is reasonably necessary in connection with the prosecution or defense of this Action;

(c) Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A); provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such Expert and/or Consultant incorporating Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that Experts and/or

-10-

Consultants may not use Confidential Material for any purpose that does not relate to the prosecution or defense of this Action;

(d)     the Court and its personnel, subject to the requirements of Section 12, below;

(e)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the prosecution or defense of this Action;

(g)     the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata; provided, however, that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the person is not permitted to retain copies of the Confidential Material; and (iii) the person is explicitly informed by Outside Counsel that this Order forbids him or her to disclose the Confidential Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the Action not otherwise authorized to view the Confidential Material in question and who has signed the "Agreement To Be Bound By Protective

-11-

Order" (Exhibit A), during that witness' testimony at a deposition, hearing, or trial in the Action, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Confidential Material after the witness is examined regarding the Confidential Material; and (iii) the disclosing Party's Outside Counsel advises the witness, in advance of any disclosure, that this Order forbids him or her to disclose the Confidential Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order.

(i)     relevant employees of or counsel to any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action;

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material, or to whom disclosure is required by law, subject to the requirements of Section 17 below.

Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend this Action.

8.3     Disclosure of Highly Confidential Material:     Unless ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the persons described in Sections 8.2(a), (c), (d), (e), (f), (g), (h), (i), (j), and (k).

8.4     Retention of Exhibit A:   Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6)

-12-

months following the final termination of this Action, including any appeals, and shall make them available to other Parties, Non-Parties or the Court upon good cause shown.

8.5     Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 8.2(g), (h), and (j), who have been shown Protected Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Protected Material was disclosed.

## 9.     STORAGE OF PROTECTED MATERIAL

The recipient of any Protected Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## 10.     DATA SECURITY

Any person in possession of Protected Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Material, and protect against unauthorized access to Protected Material. To the extent a party or person does not have an information security program, they may comply with this provision by having the Protected Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

## 11.     LOSS OF PROTECTED MATERIAL OR BREACH OF SECURITY

If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another

-13-

party's Protected Material, the Receiving Party or authorized recipient must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the breach by Counsel: (i) notify in writing the Designating Party of such breach, (ii) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Designating Party with assurances reasonably satisfactory to the Designating Party that such breach shall not recur, and (iii) provide sufficient information about the breach so that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## 12. FILING PROTECTED MATERIAL

12.1    In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Discovery Material that contains information satisfying the five categories of "sensitive information" or six categories of information requiring caution under the Southern District of New York's ECF Privacy Policy, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court. In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material that contains information not satisfying the five categories of "sensitive information" or six categories of information requiring caution under the Southern District of New York's ECF Privacy Policy, Counsel shall apply to the Court for permission to file the relevant Protected Material (or portions thereof) under seal or in redacted form in accordance with paragraph 6.B of the Court's Individual Rules of Practice. However, the Party seeking to file the

-14-

Protected Material with the Court may seek written permission from the Producing Party to file such Protected Material in the public record.

12.2 All documents and materials filed on the Court's docket that contain Personal Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings which are comprised of or contain Personal Data or information taken therefrom, shall be filed under seal (subject to Court approval).

12.3 Seeking to file under seal or in redacted form shall be without prejudice to any Party's right to argue to the Court that such document is not Protected Material and need not be filed under seal.

## 13. FINAL DISPOSITION

13.1 This Action shall be deemed finally terminated after both (i) final judgment, and (ii) the completion and exhaustion of all appeals, or the period within which to appeal has expired.

13.2 Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, each Receiving Party shall undertake best efforts to return to the Producing Party all Discovery Material or, at the option of the Receiving Party, to destroy all Discovery Material. In either case, the Receiving Party shall, upon request, provide the Producing Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Discovery Material, except (i) for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, and (ii) that information saved on backup

-15-

media in an electronically-stored format will be certified to have complied with the 60-day destruction period if the Party has a data-destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically-stored information; provided, however, that these materials will continue to be subject to the terms of this Order. Notwithstanding this provision, as to those Discovery Materials that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel need not destroy or return such materials; provided, however, that these materials remain subject to this Order.

13.3    This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 14.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

## 15.    PROTECTION AND CLAW BACK OF PRIVILEGED MATERIAL OR PERSONAL DATA

15.1    The production of Privileged Material or Personal Data or other protected Discovery Material (including metadata), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This

-16-

shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d). Nothing herein is intended to or shall serve to limit a party's right to conduct a review of documents, or other protected Discovery Material (including metadata) for relevance, responsiveness and/or segregation of Privileged Material or Personal Data or other protected information before production.

15.2    In order to claw back Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

15.3    Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party and destroy all summaries or copies of such Privileged Material or Personal Data (notwithstanding the final sentence of Section 3 regarding a Receiving Party's own work product that reflects the Protected Material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Privileged Material or Personal Data, shall inform that Producing Party as to whether disclosure of the clawed-back Discovery Material to other Party or Non-Party has been made, and shall not use such items for any purpose until further order of the Court. In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request. Within fourteen (14) business days of the notification that reasonable efforts have been taken to return or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to the Privileged Material. The return of any Discovery Material to the Producing Party

-17-

shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such documents previously were produced. For the avoidance of doubt, Personal Data does not need to be logged.

15.4    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material or Personal Data, the Party may at its sole election (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection (including Personal Data); or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material or Personal Data pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material or Personal Data. If the Party allows the examination concerning the document to proceed on a nonwaiver basis, the Parties shall return or destroy all copies of the purportedly privileged or protected document pursuant to Section 15.3. Immediately following the deposition, the Parties will commence the procedure, including the notice and log requirements, outlined in this Section to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as Privileged Material or Personal Data.

## 16.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material at the trial of this Action during preparation of the Joint Pretrial Order to be submitted in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). (*See* December 4, 2019 Civil Case Management Order (ECF No. 88) ¶ 13.) If any undersigned Party contemplates the use of Protected Material at any pre-trial hearing, such Party shall notify all Parties of such

-18-

intent not fewer than five (5) business days prior to the hearing. Where a hearing is scheduled on less than five (5) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing and if unsuccessful, shall present the issue to the Court for resolution. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Confidential Material or Highly Confidential Material. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any hearings or at trial, including petitioning the Court to close the court room.

## 17.   LEGAL PROCESS

17.1   If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as Protected Material, the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five (5) business days after receipt unless production is required earlier than ten (10) business days after receipt, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

17.2   The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the

-19-

material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue. To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request confidential treatment for the Protected Material.

17.3    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

17.4    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative

-20-

body, or other person or entity, such Discovery Material shall continue to be treated in this Action

in accordance with any designation as Confidential Material or Highly Confidential Material.

**18.    NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall,

at the Non-Party's request, provide any Non-Party from which it seeks discovery with a copy of

this Order so as to inform each such Non-Party of his, her, or its rights herein. If a Non-Party

provides discovery to any Party in connection with this Action, the provisions of this Order shall

apply to such discovery as if such discovery were being provided by a Party. Under such

circumstances, the Non-Party shall have the same rights and obligations under the Order as held

by the Parties to this Action.

**19.    NOTICES**

All notices required by this Order must be provided in writing to Outside Counsel of record

for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein

may be waived, in whole or in part, but only in writing by an attorney for the Designating Party.

**20.    AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for

good cause shown. Nor shall anything herein preclude any Party or Non-Party from seeking

additional or different protections on a case-by-case basis.

**21.    RIGHT TO ASSERT OTHER OBJECTIONS**

By stipulating to the entry of this Order, no Producing Party waives any right it otherwise

might have to object to disclosing or producing any information or item on any ground, including

confidentiality. Similarly, no Producing Party waives any right to object on any ground to the

admissibility or use in evidence of any of the material covered by this Order.

**22.    VIOLATIONS OF PROTECTIVE ORDER**

-21-

In the event that any person or party should violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## ADDENDUM

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

## EXHIBIT A

### Agreement To Be Bound By Protective Order

I have been informed that on _____, 2020, the U.S. District Court for the Southern District of New York entered a protective order in the litigation captioned *In re Allergan PLC Securities Litigation,* No. 18 Civ. 12089 (CM). I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

-24-

SO ORDERED.

Dated: _____, 2020

Hon. Colleen McMahon
Chief U.S. District Judge

**POMERANTZ LLP**
Jeremy A. Lieberman
Murielle J. Steven Walsh
Aatif Iqbal
Veronica V. Montenegro
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
Email: jalieberman@pomlaw.com
        mjsteven@pomlaw.com
        aiqbal@pomlaw.com
        vvmontenegro@pomlaw.com

*Lead Counsel for Lead Plaintiff and Proposed Class Counsel*

**THORNTON LAW FIRM LLP**
Guillaume Buell
Krista Rosen
Madeline Korber
1 Lincoln Street
Boston, MA 02111
Phone: (617) 720-1333
Email: gbuell@tenlaw.com
        krosen@tenlaw.com
        mkorber@tenlaw.com

*Additional Counsel for Lead Plaintiff*

By: _____

Roger A. Cooper
Jared Gerber
Anna F. Connolly

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
racooper@cgsh.com
jgerber@cgsh.com
aconnolly@cgsh.com

*Counsel for Defendants Allergan plc, Brenton L. Saunders, Maria Teresa Hilado, Matthew M. Walsh, Frances DeSena, Mark Marmur, Paul Bisaro, and William Meury*