UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IN RE ALLERGAN PLC SECURITIES    :    ORDER
LITIGATION                                                    18 Civ. 12089(CM)(GWG)
                                                                :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The Court is in receipt of the parties letters (Docket ## 102, 104, 105) regarding five discovery disputes: the scope of discoverable material, providing the hit counts of search terms, providing an organizational chart of defendants' company, the time period for document production, and the production of documents produced to government regulators. The Court rules as follows:

1. As to the scope of discovery, the Court rejects the notion that a request is necessarily overbroad simply because it relates to a dismissed claim. It may well be that document requests that were relevant to dismissed claims are also relevant to the remaining claim.

The Court also rejects any argument that only documents that involve a discussion of incident rates of BIA-ALCL, as opposed to reports of specific incidents, must be produced. Information that was made available to Allergan regarding incidents of BIA-ALCL may be probative of their knowledge of the link between implants and BIA-ALCL and if such information is not unduly burdensome to produce, it should not be excluded from production. The Court also rejects the argument that defendants need not produce data "generally discussing a link between Allergan implants and ALCL." Docket # 104 at 3. Such documents may, in connection with other documents, provide circumstantial evidence of Allergan's knowledge about the strength of the link between its own implants and BIA-ALCL compared with other manufacturers.

That being said, the focus of production must be on Allergan's knowledge of associations between implants (whether Allergan's or someone else's) and BIA-ALCL. Plainly, numerous — if not most — of the document requests are completely irrelevant to this topic. The problem with plaintiff's application, however, is that it does not explain what particular requests are being disputed and in what manner. Some requests are obviously irrelevant to plaintiff's claims, but plaintiff's letter never concedes this fact or goes through the requests in any systematic way. Also, with no hit counts having been provided, and no review of documents produced by particular search terms, it is unclear which requests (to the extent they are tied to a particular search) might justify a supported burdensomeness objection.

If the Court's direction in this Order has not provided a basis for the parties to arrive at an agreement as to how to proceed, the parties are directed to confer again, and if agreement cannot be reached, to specify which particular document requests remain at issue, with the parties explaining precisely what their differences are as to each request.

2. A dispute over actual search terms has not been presented to the Court. The plaintiff merely seeks the hit counts of searches the defendants have run. As part of the negotiation process over search terms, the defendants must provide the plaintiff with the hit counts for searches run with proposed terms — regardless of whether the defendants believe the terms are proper. The Court is concerned that the defendants are not being sufficiently forthcoming about the search process. The effort to arrive at appropriate search terms must be part of a collaborative process in which the defendants must provide to plaintiff the maximum information possible. If the defendants are not sufficiently forthcoming, the result may be that the Court finds that defendants have waived any possible arguments regarding the burdensomeness of reviewing documents generated by search terms.

3. Plaintiff seeks "'documents sufficient to show' Allergan's (1) administrative organization and (2) divisions responsible for breast implants, BIA-ALCL, clinical studies, and FDA reporting." Docket # 102 at 4. The defendants have stated that no such documents exist and they "orally provided plaintiff the substance of the information sought," Docket # 104 at 4, but plaintiff disputes the sufficiency of this information, see Docket # 105 at 2. The Court cannot require the defendants to produce documents that do not exist. Nonetheless, it is certainly reasonable to expect defendants to provide a description of "the various relevant divisions in the Company and the roles and functions of the relevant employees" — information to which plaintiff would be entitled to obtain by interrogatory or Rule 30(b)(6) deposition. Thus, defendants should provide the information forthwith.

4. The parties dispute the time frame prior to and following the class period — from January 30, 2017 through December 19, 2018 — that the defendants should be required to search for documents. Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" although such discovery should be limited if the "burden or expense of the proposed discovery outweighs its likely benefit."

As to the time prior to the class period, defendants have agreed to search for documents going back to 2016, and to search 2015 for documents concerning a March 2015 study. Plaintiff, however, seeks a full search of 2015, arguing "the point of starting in 2015 is to show that Defendants were aware of the high incidence rate dating back to 2015, and to confirm in discovery what Defendants did (or did not do) in response to this information then." Docket # 102 at 5. Defendants counter by saying their compromise "is more than sufficient, and Plaintiff presents no reason why Defendants should search documents from all of its custodians using dozen of search terms unrelated to that study." Docket # 104 at 4-5. However, as discussed above, search terms have not been finalized and the plaintiff has no way of knowing how many "hits" were returned on its proposed terms and for what periods. Thus, there is no way for the plaintiff, or for the Court, to know the burden that searching all of 2015 would place on defendants. Given the lack of information on burden, and plaintiff's explanation as to why 2015 is relevant, the Court finds that, based on the current record, the scope of search should go back to 2015 without restriction.

As to the time following the class period, the parties agreed that defendants' search would include six months following the end of the class period. Docket # 104 at 5. That would place the end of the search period at June 19, 2019. Plaintiff now ask for an end date of July 31, 2019 — just over a month more. Docket # 102 at 5. The Court cannot imagine such a short additional time period would add a substantial burden on the defendants and the extension is not without reason inasmuch as the FDA recalled defendants' implants on July 24, 2019. Defendants claim that the FDA recall is not relevant to the class period and plaintiff's remaining claim because it was not raised in the complaint. See Docket # 104 at 5 n.7. However, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted). Thus, defendants should conduct their search through July 31, 2019. See generally In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 72 (2d Cir. 2001) (pre- and post-class period information is relevant in assessing what a defendant did or should have known during the class period).

5. Plaintiff seeks all documents the defendants produced to government regulators, but plaintiff's explanation of their relevance is confusing. The Court agrees with defendants that the apparent request for all documents produced to government regulators relating to ALCL (Docket # 102 at 5) is overbroad. If items responsive to other, proper requests were among documents produced to regulators, obviously such documents must be produced.

SO ORDERED.

Dated: March 30, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge