UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Allergan PLC Securities Litigation | No. 18 Civ. 12089 (CM)(GWG) |
|---|---|

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE A REDACTED VERSION OF ITS REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO CERTIFY THE CLASS, APPOINT CLASS REPRESENTATIVE, AND APPOINT CLASS COUNSEL (THE "REPLY"), TO FILE A REDACTED VERSION OF THE DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF THE REPLY AND TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF THE REPLY**

Defendants Allergan plc ("Allergan"), Brenton L. Saunders, Maria Teresa Hilado Matthew M. Walsh, Frances DeSena, Mark Marmur, Paul Bisaro, and William Meury (together, "Defendants"), by and through their undersigned counsel, file this Memorandum of Law in Response to Lead Plaintiff's Motion for Leave to File a Redacted Version of its Reply Memorandum of Law in Further Support of Lead Plaintiff's Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel (the "Reply"), to File a Redacted Version of the Declaration of Jeremy A. Lieberman in Support of the Reply (the "Lieberman Declaration" and to File Under Seal Certain Exhibits to the Lieberman Declaration (ECF No. 143), and Plaintiff's accompanying Memorandum of Law in Support of its Motion (the "Memorandum") (ECF No. 144), and in support states:

1.  On February 24, 2020, the Court entered a Stipulated Protective Order (the "Protective Order") (ECF No. 96).

2.  The Protective Order reflects the agreement of Defendants and Boston Retirement System ("Plaintiff") with respect to the use of "Highly Confidential" and "Confidential" Material in these proceedings, as those terms are defined in the Protective Order. The Protective Order

reflects the parties' agreement on the process for filing documents and testimony designated as "Highly Confidential" and "Confidential" with the Court.  *See* ECF No. 96 ¶ 12.1.

      3.      Paragraph 2.1 of the Protective Order provides:

> "[A]ny party may, subject to the provisions of this Order, designate as "Highly Confidential" any Personal Data and/or any Discovery Material that meets the requirements for Confidential Material, as set forth below, and which a Producing Party believes in good faith would likely cause competitive, or financial injury if disclosed. This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, including, but not limited to (i) information reflecting product design or development; (ii) non-public technical or scientific research; (iii) pricing and business strategy documents concerning a particular product or line of products; (iv) financial information not previously disclosed to the public, such as statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data; (v) sales information or communications relating to specific customers or classes of customers; (vi) proprietary business information or confidential trade secrets; or (vii) any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c). Highly Confidential Material includes information for which applicable law—whether foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Order."

*Id.* ¶ 2.1.

      4.      Paragraph 2.2. of the Protective Order, in turn, provides that "[a]ny party may . . . designate as 'Confidential' any Discovery Materials that the Party believes in good faith is confidential and where the Party would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain it in confidence."  *Id.* ¶ 2.2.

      5.      The Reply and certain Exhibits to the Lieberman Declaration include references to materials that Defendants have designated "Highly Confidential" or "Confidential."

      6.      In particular, Exhibits 2-22, 27-28, 31, 39-52, and 54 to the Lieberman Declaration are documents that Defendants have designated as "Highly Confidential" or "Confidential" because they are internal company documents and communications containing commercially sensitive and proprietary information, which if disclosed could cause harm to

Allergan.  *See* ECF No. 96 ¶ 2.2.  These exhibits include internal Allergan communications that reflect sales data, corporate strategy, and the identities of current and former employees of Allergan and their internal job functions and responsibilities.

## ARGUMENT

As an initial matter, the Court should strike Exhibits 5, 7-13, 18-22, and 27-28 to the Lieberman Declaration and any references thereto in the Reply because they are irrelevant to any disputed class certification issue, and instead are submitted to support Plaintiff's arguments on the merits that have no bearing on class certification.  *See* Fed R. Civ. P. 12(f); *Corr. Officers Benevolent Ass'n of Rockland Cnty. v. Kralik*, 226 F.R.D. 175, 176 (S.D.N.Y. 2005) (striking exhibits that were "clearly irrelevant"); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 16 Civ. 6728, 2019 WL 3001084, (S.D.N.Y. July 10, 2019) (stating the well-established proposition that "[a] motion for class certification should not become a mini-trial on the merits; the question before the Court is whether Plaintiff meets Rule 23's requirements, not whether Plaintiff will prevail on the merits").  Indeed, it is telling that Plaintiff only cites to these Exhibits in the "Relevant Facts" section of its Reply, and does not rely on any of these Exhibits to rebut Defendants' arguments regarding why class certification is inappropriate in this case.

In addition, with respect to Exhibits 2-4, 6, 14-17, 31, 39-52, and 54 to the Lieberman Declaration and the references thereto in the Reply, as well as with respect to Exhibits 5, 7-13, 18-22, and 27-28 should those exhibits not be stricken, the Court should grant Plaintiff leave to file the relevant materials under seal or with redactions, as applicable.  Courts frequently find that a company's interest in protecting confidential and commercially sensitive information outweighs the public's interest in accessing such materials, and, as such, permit parties to file such materials under seal.  *See, e.g.*, *GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y.

2011) (permitting party to file materials under seal that contained proprietary information); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (sealing exhibits that would cause defendant "competitive injury" if disclosed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 606, 614 (S.D.N.Y. 1998) (restricting access on the grounds that "confidential business information dating back even a decade or more may provide valuable insight into a company's current business practices that a competitor would seek to exploit.").

Here, Defendants have designated Exhibits 2-22, 27-28, 31, 39-52 and 54 to the Lieberman Declaration as "Confidential" or "Highly Confidential" because they contain commercially sensitive and proprietary information, which if disclosed, could cause harm to Allergan.  Defendants' privacy interests in the commercially sensitive and proprietary information contained in Allergan's internal communications, including among other things, sensitive information relating to Allergan's sales data and corporate strategy, overrides any interest the public may have in accessing such information.

With respect to Exhibits 34-35, which reflect information designated by Plaintiff as "Highly Confidential" or "Confidential," Defendants take no position at the current time as to the propriety of those designations.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order striking Exhibits 5, 7-13, 18-22, and 27-28 to the Lieberman Declaration and the references thereto in the Reply, and, with respect to Exhibits 2-4, 6, 14-17, 31, 39-52, and 54 to the Lieberman Declaration and the references thereto in the Reply, as well as with respect to Exhibits 5, 7-13, 18-22, and 27-28 should those exhibits not be stricken, allowing Plaintiff to file

a redacted version of the Reply on the public docket, file a redacted version of the Lieberman Declaration on the public docket, and to file the above enumerated Exhibits to the Lieberman Declaration under seal.

Dated: August 21, 2020
       New York, New York

Respectfully submitted,

/s/ Jared Gerber

Roger A. Cooper (racooper@cgsh.com)
Jared Gerber (jgerber@cgsh.com)
Anna F. Connolly (aconnolly@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Defendants Allergan plc, Brenton L. Saunders, Maria Teresa Hilado, Matthew M. Walsh, Frances DeSena, Mark Marmur, Paul Bisaro, and William Meury*