**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Allergan PLC Securities Litigation | No. 18 Civ. 12089 (CM)(GWG)<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>This Document Relates To: All Actions |

**LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO FILE A REDACTED VERSION OF ITS REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO CERTIFY THE CLASS, APPOINT CLASS REPRESENTATIVE, AND APPOINT CLASS COUNSEL (THE "REPLY"), TO FILE A REDACTED VERSION OF THE DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF THE REPLY AND TO FILE UNDER SEAL CERTAIN EXHIBITS TO THE DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF THE REPLY**

**Table of Contents**

ARGUMENT ................................................................................................................................. 1

CONCLUSION ............................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Correction Officers Benevolent Association of Rockland County. v. Kralik*,
   226 F.R.D. 175 (S.D.N.Y. 2005) ...................................................................................................3

*Frederick v. Capital One Bank (USA), N.A.*,
   No. 2018 WL 1583289 (S.D.N.Y. Mar. 27, 2018), *appeal dismissed* 2019 WL
   4011476 (2d Cir. Feb. 27, 2019)....................................................................................................2

*iInnovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*,
   2019 WL 3817389 (E.D.N.Y. Aug. 14, 2019)...............................................................................2

*O'Brien v. Wisniewski*,
   2012 WL 1118076 (D. Conn. Apr. 3, 2012) .................................................................................3

*Pakter v. New York City Dep't of Educ.*,
   2010 WL 1141128 (S.D.N.Y. Mar. 22, 2010) ..............................................................................3

*In re Signet Jewelers Ltd. Sec. Litig.*,
   2019 WL 3001084 (S.D.N.Y. July 10, 2019) ...........................................................................1, 3

**Rules**

Fed. R. Civ. P. 7................................................................................................................................2, 3

Fed. R. Civ. P. 12.........................................................................................................................2, 3, 4

Fed. R. Civ. P. 23................................................................................................................................3

Local Civil Rule 7.1............................................................................................................................3

Lead Plaintiff Boston Retirement System ("Plaintiff" or "BRS"), by and through its undersigned counsel, files this Reply Memorandum of Law in Further Support of its Motion for Leave to File a Redacted Version of its Reply Memorandum of Law in Further Support of Lead Plaintiff's Motion to Certify the Class, Appoint Class Representative, and Appoint Class Counsel (the "Reply"), to File a Redacted Version of the Declaration of Jeremy A. Lieberman in Support of the Reply (the "Lieberman Declaration") and to File Under Seal Certain Exhibits to the Lieberman Declaration (the "Motion") (ECF No. 143) and in response to Defendants' Memorandum of Law in Response to the Motion ("Defs' Resp.") (ECF No. 149).

## ARGUMENT

The Court should reject Defendants' request that "the Court [] strike Exhibits 5, 7-13, 18-22, and 27-28 to the Lieberman Declaration and any references thereto in Plaintiff's Reply [(ECF Nos. 145 (redacted), 147 (unredacted).]" Defs' Resp. at 3. Defendants' assertion that those exhibits "are irrelevant to any disputed class certification issue, and are submitted to support Plaintiff's arguments on the merits that have no bearing on class certification" (Defs' Resp. at 3) is incorrect. Defendants have provided no valid basis for those exhibits or the references thereto in Plaintiff's Reply to be stricken—and they disingenuously ignore that it was Defendants' Opposition to Plaintiff's class certification motion (ECF No. 128), and Plaintiff's need to respond thereto, that prompted Plaintiff to rely upon and submit those materials.

Plaintiff's opening memorandum in support of its motion for class certification (ECF No. 93) did not cite to a single internal Allergan document. Defendants' Oppositions did, and sought to transform this class certification into a "mini-trial on the merits." *In re Signet Jewelers Ltd. Sec. Litig.*, 2019 WL 3001084, at*7 (S.D.N.Y. July 10, 2019). For example, Defendants, and their expert Dr. Skinner, did so by raising assertions and arguments with respect to the purported "[s]cientific uncertainty regarding ALCL incidence rates" (ECF No. 128, at 4-5), the "expiration

1

of Allergan's CE Mark and subsequent recall" (*id.* at 5-6 (quoting Defs' Exs. 13-14 (December 14, 2018 GMED Letters))), and related arguments purportedly relating to price impact, predominance, and Plaintiff's proposed damages model (*see id.* at 7-21). While Plaintiff believes that many such arguments are not appropriate at the class certification stage (*see, e.g.*, ECF No. 147, 1-4, 9-10), Plaintiff offered and relied on the relevant exhibits (Exhibits 5, 7-13, 18-22, and 27-28 to the Lieberman Declaration), among others, in order to address and "rebut Defendants' arguments regarding why class certification is inappropriate in this case" (Defs' Resp. at 3). *See e.g.,* Reply (ECF 147), at 1-4 (addressing Defendants' claims about scientific uncertainty surrounding ALCL and the relation of the CE mark renewal to the risk of ALCL associated with Allergan's implants), *id.* at 5-11 (rebutting price impact, predominance and damages arguments raised by Defendants, including by cross referencing the discussion relating to such exhibits in Section II of the Reply). Thus, the Court should reject Defendants' request to strike Exhibits 5, 7-13, 18-22, and 27-28 and the references thereto in Plaintiff's Reply.

Defendants' request should also be rejected for other reasons unrelated to the merits, including because Defendants' request does not relate to a pleading as defined in Federal Rule of Civil Procedure 7(a), as Rule 12 (f) requires. *See, e.g.*, Fed. R. Civ. P. 12(f) ("The court may strike ***from a pleading*** …" (emphasis added)); *Frederick v. Capital One Bank (USA), N.A.*, No. 2018 WL 1583289, at *13 (S.D.N.Y. Mar. 27, 2018) ("Rule 12(f) only allows the Court to strike pleadings, not materials submitted in connection with a motion." (citing *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008))), *appeal dismissed* 2019 WL 4011476 (2d Cir. Feb. 27, 2019); *iInnovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*, 2019 WL 3817389, at *1 (E.D.N.Y. Aug. 14, 2019) ("Courts in this Circuit routinely deny motions to strike under Rule 12(f) which target legal briefs and memoranda as opposed to pleadings."

(collecting cases)); *O'Brien v. Wisniewski*, 2012 WL 1118076, at *3 (D. Conn. Apr. 3, 2012) (holding "neither the assertions in plaintiff's counsel's reply brief, nor the exhibits attached thereto, are 'pleadings' from which the Court might properly strike material under Rule 12(f)"). Defendants' reliance on Rule 12(f) is thus misplaced, and their request is "patently meritless, and indeed, frivolous." *Pakter v. New York City Dep't of Educ.*, 2010 WL 1141128, at *4 (S.D.N.Y. Mar. 22, 2010).

Moreover, neither *Correction Officers Benevolent Association of Rockland County. v. Kralik*, 226 F.R.D. 175 (S.D.N.Y. 2005), nor *Signet*, supports Defendants' request or provides any basis to strike the relevant exhibits and the Reply's references thereto. *Kralik* is inapposite because it involved a pleading under Rule 7(a)—a complaint—not a motion for class certification, which is not a "pleading" under Rule 7(a). *See id.* Although *Signet* involved and granted a class certification motion, it does not support, and is irrelevant to, Defendants' request.[1] Indeed, it is telling that Defendants fail to cite a single case in which a court considered, let alone granted, a request to strike materials from a memorandum of law in support of, in opposition to, or in further support of a motion for class certification. As discussed above and in the Reply, once Defendants raised arguments seeking to transform Plaintiff's class certification motion into a "mini-trial on the merits" (*id.*), Plaintiff simply responded with limited factual support to provide the necessary context and color.

Defendants' request should also be rejected because it was not "made by motion," as required under the Federal Rules of Civil Procedure and Local Rules. Fed. R. Civ. P. 7(b) ("A request for court order must be made by motion."); Local Civil Rule 7.1 (addressing "Motion

---

[1] There, the Court, in the quotation that Defendants rely upon, was providing an unremarkable, but well established proposition, that a class certification motion looks to "whether Plaintiff meets Rule 23's requirements, not whether Plaintiff will prevail on the merits[,]" and it "should not become a mini-trail on the merits." *Signet*, 2019 WL 3001084, at*7.

3

Papers"); Fed. R. Civ. P. 12(f) (granting courts discretion to strike from a pleading certain matter "on its own" or "on motion").

## CONCLUSION

For the foregoing reasons, as well as those in Plaintiff's Memorandum in support of its Motion (ECF Nos. 143-44), the Court should reject Defendants' request to strike Exhibits 5, 7-13, 18-22, and 27-28 to the Lieberman Declaration and the references thereto in Plaintiff's Reply, and the Court should enter an Order granting Plaintiff's Motion, allowing Plaintiff to file a redacted version of the Reply on the public docket, file a redacted version of the Lieberman Declaration on the public docket, and to file Exhibits 1, 2-22, 27-28, 31, 34-35, 39-52 and 54 to the Lieberman Declaration under seal or with redactions, as applicable.

Dated: August 25, 2020

Respectfully submitted,

*/s/ Murielle J. Steven Walsh*

**POMERANTZ LLP**
Jeremy A. Lieberman
Murielle J. Steven Walsh
Veronica V. Montenegro
Eric D. Gottlieb
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
Email: jalieberman@pomlaw.com
         mjsteven@pomlaw.com
         vvmontenegro@pomlaw.com
         egottlieb@pomlaw.com

*Lead Counsel for Lead Plaintiff BRS and Proposed Class Counsel*

**THORNTON LAW FIRM LLP**
Guillaume Buell
1 Lincoln Street
Boston, MA 02111
Phone: 617-720-1333
Email: gbuell@tenlaw.com

*Additional Counsel for Lead Plaintiff BRS*

4