UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE ALLERGAN PLC SECURITIES LITIGATION | No. 18 Civ. 12089 (CM)(GWG) |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF UNION ASSET MANAGEMENT HOLDING AG FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF ITS SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND............................................................. 3

ARGUMENT ............................................................................................................................ 4

    I.    UNION SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 4

        A.    Union Has The Largest Financial Interest In The Relief Sought By The Class .......................................................................................................... 5

        B.    Union Satisfies The Requirements of Rule 23 ......................................... 5

    II.    THE COURT SHOULD APPROVE UNION'S SELECTION OF LEAD COUNSEL ................................................................................................................... 8

CONCLUSION ........................................................................................................................ 10

i

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*In re Barrick Gold Sec. Litig.*,
  314 F.R.D. 91 (S.D.N.Y. 2016) ..................................................................................................7

*Cook v. Allergan PLC*,
  2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ........................................................................4, 8

*Faig v. BioScrip, Inc.*,
  2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) .......................................................................5, 6

*Glauser v. EVCI Career Colls. Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................................5

*Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
  2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) ............................................................................6

*West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
  325 F.R.D. 280 (D. Minn. 2018) ................................................................................................7

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................6

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .......................8

Union Asset Management Holding AG ("Union") respectfully submits this memorandum of law in support of its motion, pursuant to the Court's Order dated September 29, 2020 (ECF No. 151) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (i) appointing Union as Lead Plaintiff; (ii) approving Union's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On September 29, 2020, the Court denied a motion to certify the proposed Class in the above-captioned action based solely on its determination that the previously appointed Lead Plaintiff was an inadequate class representative. *See* ECF No. 151 at 2. As a result, the Court re-opened the lead plaintiff appointment process, and gave other putative Class members, like Union, the opportunity to seek to serve as Lead Plaintiff in this action. *See id*. at 16-17.

The PSLRA governs the appointment of a lead plaintiff in class action lawsuits asserting violations of the federal securities laws, and directs courts to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Union believes that it has the largest financial interest in this action by virtue of its substantial purchases of Allergan plc ("Allergan") common stock during the period between January 30, 2017 and December 19, 2018, inclusive (the "Class Period"). Specifically, Union incurred losses of approximately $32.5 million when calculated on a last-in, first-out

("LIFO") basis on its purchases of 610,729 shares of Allergan common stock during the Class Period.[1]

In addition to asserting the largest financial interest, Union readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.  Moreover, Union possesses the capability, resources, and experience that make it ideally suited to assume leadership over this procedurally advanced action and guarantee the vigorous prosecution of this litigation.  Indeed, Union is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation, and it has significant experience serving as a lead plaintiff in other securities class actions and supervising the work of outside counsel.  Accordingly, Union has both the incentive and ability to supervise and monitor counsel.

Further, as set forth in greater detail in the Declaration of Dr. Carsten Fischer and Jochen Riechwald submitted herewith, Union fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this action.[2]  Union's familiarity with the PSLRA is informed by its years of experience serving as a lead plaintiff in numerous securities class actions, and achieving

---

[1] Union is an institutional asset manager, which manages investment assets through separate funds and is authorized to bring legal action on their behalf.  Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of the funds' claims.  See Exhibit A to the Declaration of Gerald H. Silk in Support of the Motion of Union Asset Management Holding AG for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Silk Decl.").  Union's PSLRA-required Certification is provided as Exhibit B to the Silk Decl.  In addition, a chart setting forth calculations of Union's losses is provided as Exhibit C to the Silk Decl.

[2] See Declaration of Dr. Carsten Fischer and Jochen Riechwald in Support of the Motion of Union Asset Management Holding AG for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel, Silk Decl., Ex. D.

combined recoveries of over $1 billion for investors. *See id*. ¶¶ 3, 9. Moreover, Union benefits from the resources and dedicated personnel of an in-house legal staff that ensures close oversight of outside counsel retained by Union to handle securities class action litigation. *See id*. ¶¶ 7-8. As Lead Plaintiff in this action, Union will bring those resources and experiences to bear on behalf of the Class.

Union has further demonstrated its adequacy by selecting Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities class action litigation firm that has recovered billions of dollars for the benefit of defrauded investors. Bernstein Litowitz has the resources to prosecute these claims as Lead Counsel for the Class and has extensive experience successfully prosecuting securities class actions as Lead Counsel in courts in this District, including this Court. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 16-cv-06728 (S.D.N.Y.) (McMahon, C.J.) (recovering $240 million for investors).

Based on Union's financial interest in the outcome of this action, its commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Union respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Bernstein Litowitz as Lead Counsel for the Class.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2019, the Court appointed a Lead Plaintiff in this action, but rejected its proposal for two law firms to serve as co-lead counsel, and ultimately approved the selection of only one of those firms as Lead Counsel. *See* ECF No. 49. On April 19, 2019, the previously appointed Lead Plaintiff filed a consolidated complaint, alleging that, throughout the Class Period, defendants misrepresented the carcinogenic effect of textured breast implants manufactured by Allergan. *See* ECF No. 58. The complaint further alleges that the truth was disclosed on December 18, 2018, when France's National Agency for the Safety of Medicines and Health

3

Products ordered the recall of Allergan's textured breast implants from the European market, announcing that the implants "have been linked to a rare form of cancer." *Id*. ¶ 164.  In response, Allergan suspended sales of textured breast implants and withdrew any remaining supply from European markets. *See id*. ¶ 165.  These disclosures caused the price of Allergan stock to decline by $10.20 per share, or nearly 7%, to close at $136.56 per share on December 19, 2018. *See id*. ¶ 167.  On September 20, 2019, the Court sustained Lead Plaintiff's claims, in part, and paved the way for this case to proceed into discovery. *See* ECF No. 81.

Then, on September 29, 2020, in an order denying the former Lead Plaintiff's motion to certify the Class, the Court held that although this case is perfectly suited for class certification, the former Lead Plaintiff was "an inadequate representative of the class." ECF No. 151 at 2.  As a result, the Court re-opened the lead plaintiff appointment process, and provided other Class members until October 29, 2020 to petition the Court to serve as Lead Plaintiff. *See id*. at 16-17.

For the reasons set forth below, Union respectfully submits that it is the "most adequate plaintiff" and well suited to serve as Lead Plaintiff in this case.

## ARGUMENT

### I.     UNION SHOULD BE APPOINTED LEAD PLAINTIFF

Union should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with the largest financial interest in the relief sought by the class, as long as that movant otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cook v. Allergan PLC*, 2019 WL 1510894, at *1 (S.D.N.Y. Mar. 21, 2019) (McMahon, C.J.) (discussing qualifications for lead plaintiff presumption).  As set forth below, Union believes it is the "most adequate plaintiff"

4

because it has the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the skills and resources to oversee and vigorously prosecute this action.

### A.   Union Has The Largest Financial Interest In The Relief Sought By The Class

Union is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Union incurred substantial losses of approximately $32.5 million as calculated on a LIFO basis on its Class Period purchases of 610,729 shares of Allergan common stock.  *See* Silk Decl., Ex. C.  Union is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation.  Accordingly, as a qualified movant with the largest financial interest, Union is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.   Union Satisfies The Requirements of Rule 23

In addition to possessing the largest financial interest, Union otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (McMahon, C.J.).  Union unquestionably satisfies both requirements.

"The typicality requirement is satisfied if the movant shows that class members' claims 'arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Faig v. BioScrip, Inc.*, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (alteration in original) (citation omitted).  Here, Union's claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove defendants' liability are nearly identical.  Like all Class members, Union purchased Allergan securities during the Class Period at prices artificially inflated by defendants' materially false and

5

misleading statements and omissions, and suffered damages when the truth was revealed. *See Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). As such, Union satisfies the typicality requirement of Rule 23.

Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and general[ly] able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *BioScrip*, 2013 WL 6705045, at *3 (citation omitted). Union satisfies these elements because its interests are aligned with those of the other members of the Class and no facts indicate any conflict of interest or other antagonism between Union and other Class members. In addition, because of Union's substantial financial interest in this action, Class members can be assured that it has the incentive and ability to vigorously represent the Class's interests.

Further, Union has extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel. Based on its experience serving as a lead plaintiff, Union fully understands the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. *See* Silk Decl., Ex. D ¶¶ 3, 10. Indeed, a motivating factor in Union's decision to seek appointment as Lead Plaintiff in this action is to ensure, through supervision of its selected counsel, that the claims are litigated in the best interests

of the Class, particularly in light of the Court finding the prior Lead Plaintiff to be an inadequate class representative. *See id.* ¶ 10. Union has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, including by successfully prosecuting numerous securities class actions which have resulted in combined recoveries of over $1 billion for investors. *See id.* ¶¶ 3, 9; *see also Hefler v. Wells Fargo & Co.*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million with Bernstein Litowitz as lead counsel); *In re Equifax Inc. Sec. Litig.*, No. 17-cv-3463 (N.D. Ga.) (recovering $149 million with Bernstein Litowitz as lead counsel). Additionally, Union currently serves as a lead plaintiff, with Bernstein Litowitz as co-lead counsel, in *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (D.N.J.). That securities class action arises from Allergan's misrepresentations concerning its collusion with competitors to increase the prices of generic drugs—allegations that are entirely distinct from the claims asserted in this action.

Moreover, Union benefits from its dedicated in-house counsel and devoted staff, including Union's General Counsel and Assistant General Counsel, who are charged with monitoring all outside counsel and the prosecution of securities class actions in which Union has a role. *See* Silk Decl., Ex. D ¶¶ 7-8. These personnel are highly experienced in conducting and supervising complex litigation and have repeatedly demonstrated their ability to oversee counsel and successfully prosecute securities class actions under the PSLRA. *See id.* It is for these reasons, among others, that numerous courts have certified Union as a class representative. *See, e.g.*, *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 107 (S.D.N.Y. 2016); *West Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 296 (D. Minn. 2018).

In addition, Union—a large, sophisticated institutional investor responsible for managing approximately €360 billion in assets—is exactly the type of investor Congress sought to

7

encourage, through the enactment of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Allergan PLC*, 2019 WL 1510894, at *1 (identifying Congress's preference for institutional investors as lead plaintiffs). As such, Union possesses the experience and resources to vigorously litigate the action and supervise Lead Counsel.

Last, Union has demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation. Accordingly, Union satisfies the typicality and adequacy requirements of Rule 23 and is ideally suited to assume leadership over this action.

**II.     THE COURT SHOULD APPROVE UNION'S SELECTION OF LEAD COUNSEL**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Court should approve Union's selection of Bernstein Litowitz to serve as Lead Counsel. Bernstein Litowitz is among the preeminent securities class action law firms in the country. Bernstein Litowitz maintains its principal offices in this District, and has the resources, skill, and experience to step in and assume the role of Lead Counsel for the Class and vigorously prosecute this action.

As detailed in its firm résumé, Bernstein Litowitz has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Bernstein Litowitz Firm Résumé,

8

Silk Decl., Ex. E.  For example, Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history and the largest in this District—were obtained for the class.  More recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $1.06 billion recovery in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), on behalf of the respective classes.

Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) (recovering $1.07 billion for investors); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017 (S.D.N.Y) (recovering $615 million for investors); *In re Signet Jewelers Limited Securities Litigation*, No. 16-cv-06728 (S.D.N.Y.) (McMahon, C.J.) (resulting in a $240 million recovery for the class); and *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) (recovering $150 million for investors).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class.

## **CONCLUSION**

For the reasons stated above, Union respectfully requests that the Court enter an Order: (i) appointing Union as Lead Plaintiff; (ii) approving Union's selection of Bernstein Litowitz as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated:   October 29, 2020                                          Respectfully submitted,

*/s/ Gerald H. Silk*

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**
Gerald H. Silk
Mark Lebovitch
Avi Josefson
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
markl@blbglaw.com
avi@blbglaw.com

*Counsel for Proposed Lead Plaintiff Union, and Proposed Lead Counsel for the Class*