**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>IN RE ALLERGAN PLC SECURITIES<br>LITIGATION</td><td>No. 18 Civ. 12089 (CM)(GWG)</td></tr>
</table>

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEKALB COUNTY
PENSION FUND FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL
OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

I.    DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .............. 4

    A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ....... 4

    B.    DeKalb Should Be Appointed Lead Plaintiff ........................................................ 5

        1.    DeKalb Filed a Timely Motion ................................................................. 5

        2.    DeKalb Has the Largest Financial Interest in the Relief Sought by the
            Class .......................................................................................................... 5

        3.    DeKalb Meets Rule 23's Typicality and Adequacy Requirements ........... 6

        4.    DeKalb is Prepared to Provide Continuity of Leadership for the Class
            Action ....................................................................................................... 9

II.   DEKALB'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
    BE APPROVED ............................................................................................................ 9

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................4, 5, 6

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................6, 8

*In re Gen. Elec. Sec. Litig.*,
   No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .............................5, 6, 7

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) ............................................................................................9

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011).......................7, 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................5

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) .............................................................................................7

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
   No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ........................6

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) (McMahon, J.) ............7

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................................10

*In re Smith Barney Transfer Agent Litig.*,
   No. 05 Civ. 7538(WHP), 2011 WL 6318988 (S.D.N.Y. Dec. 15, 2011) .................................9

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) .................................................................................................11

**Statutes**

15 U.S.C. §§ 78u-4(a) ........................................................................................... *passim*

**Other Authorities**

Anne Cullen,
   *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020)......10

Ralph Chapoco,
   *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
   Bloomberg Law (July 30, 2020) .............................................................................................10

Rule 23(a)(4) ............................................................................................................................7

Pursuant to this Court's September 29, 2020 "Order"[1] denying Lead Plaintiff's Motion for Class Certification (Dkt. No. 151 at 16-17), and in accordance with Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4(a)(3)(B)), DeKalb County Pension Fund [2] ("DeKalb") respectfully submits this memorandum of law in support of its motion: (1) appointing DeKalb as Lead Plaintiff for the above-captioned consolidated action (the "Action") and (2) approving DeKalb's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

As reflected in the Court's Order, DeKalb was one of several Class Members that originally moved on February 19, 2019, to be appointed lead plaintiff. Order at 6. This Court appointed the Boston Retirement System ("BRS") over DeKalb – which had a slightly smaller loss than BRS – because "BRS had the largest holding, which is the statutory tie-breaker for deciding who should serve as lead plaintiff if all other considerations are equal – and it appeared that they were." *Id.*

In that Order, this Court denied certification of a class with BRS as its representative and its counsel as class counsel based on considerations that arose after BRS's appointment as lead plaintiff and its counsel as lead counsel, and left open the possibility for 30 days that "some other putative class member will step up and seek to replace BRS as lead plaintiff . . . ." *Id.* at 16-17.

---

[1]    Decision And Order Denying Plaintiff's Motion For Class Certification and Granting In Part And Denying In Part The Parties' Respective Motions For Permission To File Under Seal (Dkt. No. 151).

[2]    All internal citations, footnotes and quotation marks are omitted, and all emphases are added unless otherwise noted.

Pursuant to that Order, DeKalb now moves the Court to appoint it as lead plaintiff to replace BRS.  Under the PSLRA, the Court is to appoint the most adequate plaintiff as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the person or entity who has the "largest financial interest" in the litigation and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

DeKalb meets the PSLRA's requirements to be appointed Lead Plaintiff.  DeKalb suffered losses of approximately $753,097 during the Class Period and has the largest financial interest in the litigation of any movant, to the best of DeKalb's counsel's knowledge.[3]  DeKalb also satisfies Rule 23's typicality and adequacy requirements.  DeKalb's claims are typical of the Class's claims because it suffered losses on its Allergan plc ("Allergan" or the "Company") investment as a result of the defendants' allegedly false and misleading statements. Further, DeKalb has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including the careful deliberation required to determine whether to seek appointment as lead plaintiff, the submission of the requisite certification and selection of experienced class counsel.  Importantly, since coming in second to BRS in the initial lead plaintiff contest, DeKalb and its counsel have closely monitored this litigation.  The DeKalb Board has received regular updates on the

---

[3]     DeKalb reported last-in, first-out ("LIFO") losses of $742,341.00 in its original motion to be appointed lead plaintiff on February 19, 2019, based on the class period asserted in *Cook v. Allergan plc, et al.*, No. 1:18-cv-12089 (CM) (the class period alleged was February 24, 2017 to December 19, 2018).  Dkt. No. 26.  At the time of that filing, the PSLRA 90-day look back period had not expired.  The class period was revised in the Consolidated Amended Class Action Complaint ("CAC") to be January 30, 2017 to December 19, 2018 (the "Class Period").  Dkt. No. 58.  DeKalb's LIFO losses reported herein of $753,097 are based on the January 30, 2017 to December 19, 2018 Class Period in the CAC.

progress of the case from the Faruqi Firm.  DeKalb is fully prepared to step up and vigorously

pursue this case on behalf of the putative class.  Accordingly, DeKalb is the presumptive Lead

Plaintiff.

    If appointed Lead Plaintiff, DeKalb may select, subject to the Court's approval, Lead

Counsel to represent the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  DeKalb has engaged the

Faruqi Firm for this purpose.  The Faruqi Firm is well-suited to assume the role of Lead Counsel

in this case as its attorneys have substantial experience and success in litigating securities class

actions, from commencement of an action, through discovery, motion practice and in several

large class actions to being trial-ready.

    For the reasons summarized above and those explained more fully below, DeKalb's motion

should be granted in its entirety.

## BACKGROUND

    The factual allegations in the CAC are known to the Court and were summarized in the

Order.  Order at 2-5.  DeKalb and the Faruqi Firm are fully familiar with the allegations in the

CAC.

    DeKalb and the Faruqi Firm have reviewed the docket and publicly available filings and

are familiar with the schedule that is in place (Dkt. No. 139, as amended on October 13, 2020 by

Dkt. No. 153 extending all deadlines by 60 days).  DeKalb and the Faruqi Firm are ready, willing

and able to be appointed to act in a representative capacity for the Class to prosecute class claims

and prepare the case for trial.

**ARGUMENT**

I.  **DEKALB SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

A.  **The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court considers any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Baughman*, 250 F.R.D. at 125.

4

**B.**      **DeKalb Should Be Appointed Lead Plaintiff**

As discussed below, DeKalb should be appointed Lead Plaintiff because DeKalb filed this Motion within the 30 days provided in the Order, has the largest financial interest of any movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.**      **DeKalb Filed a Timely Motion**

The Order denying Class Certification and giving putative class members 30 days to move to replace BRS as lead plaintiff was entered on September 29, 2020.  Therefore, the deadline for putative class members to move for lead plaintiff is October 29, 2020.  Order at 16-17.

DeKalb has signed and submitted the requisite certification, identifying all of its relevant Allergan trades during the Class Period, and detailing DeKalb's suitability to serve as Lead Plaintiff in this case as required by the PSLRA (*see* Ex. A)[4] and timely filed this Motion within the 30 days required by the Order.  Therefore, the procedural requirements have been met.

**2.**      **DeKalb Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Courts in this Circuit have often looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant.  *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *see also Baughman*, 250 F.R.D. at 125; *In re*

---

[4]      All references to Exhibits are references to the exhibits annexed to the Declaration of James M. Wilson, Jr. filed in support hereof.

*Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009).  Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant.  *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *Gen. Elec.*, 2009 WL 2259502, at *4.

During the Class Period, DeKalb purchased 58,268 total shares and 41,238 net shares of Allergan common stock, expended $6,636,901.18 in net funds, and suffered losses of approximately $753,097.00 when calculated using a last in, first out ("LIFO") methodology.  *See* Ex. A.  DeKalb is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.   DeKalb Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

6

DeKalb's claims are clearly typical of the Class's claims.  DeKalb purchased Allergan shares during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Allergan and certain of its officers under the federal securities laws.  Because the factual and legal bases of DeKalb's claims are similar, if not identical, to those of the Class's claims, DeKalb necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (McMahon, J.) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *Gen. Elec.*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").

As evidenced by the representations in its certification, DeKalb's interests are perfectly aligned with—and by no means antagonistic to—the Class.  *See Kokkinis v. Aegean Marine*

7

*Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).  Moreover, DeKalb is an experienced class representative, having helped to recover many millions of dollars for class members as a Lead Plaintiff in prior cases.  DeKalb was a Co-Lead Plaintiff in *In re Maxim Integrated Products Securities Litigation*, United States District Court for the Northern District of California, Civil Action No. C-08-00832-JW, in which $173 million was recovered for the class.  DeKalb was also sole Lead Plaintiff in *In re ArthroCare Corporation Securities Litigation,* United States District Court for the Western District of Texas, Civil Action No. 1:08-cv-00574-SS, in which $74 million was recovered for the class.

More recently, DeKalb was selected to serve as lead plaintiff in the following securities cases: (i) *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz. Apr. 1, 2020) (the "*Mesa Air* Case") (the Faruqi Firm appointed sole lead counsel in this Section 11 case); and (ii) *In re Mattel, Inc. Securities Litigation*, No. 2:19-cv-10860-AB (PLAx) (C.D. Cal. Dec. 24, 2019).

DeKalb has selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class.  As explained below, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  In fact, two of the partners at the Faruqi Firm, Robert Killorin and James Wilson, successfully represented DeKalb in the prior securities class actions *Maxim* and *ArthroCare*, mentioned above.  Messrs. Killorin and Wilson also currently lead the *Mesa Air* Case.  *See* Ex. B. Consequently, DeKalb is more than adequate to represent the Class and has chosen competent counsel.

      4.       **DeKalb is Prepared to Provide Continuity of Leadership for the Class Action**

In deciding the most adequate lead plaintiff, this Court has the discretion to give priority to the original movants that timely filed motions pursuant to the PSLRA notice which allowed sixty days for movants to step forward.  Indeed, courts which have had to revisit the lead plaintiff process have prioritized plaintiffs who originally filed timely motions.  *See In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7538(WHP), 2011 WL 6318988, at *2, *4 (S.D.N.Y. Dec. 15, 2011); *cf. In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120 n.5 (S.D.N.Y. 2002) (in replacing a withdrawn lead plaintiff, the court noted that plaintiffs who originally filed timely motions seeking appointment as lead plaintiff  "would arguably be entitled to priority over any other potential lead plaintiffs").

Since originally filing a timely motion for appointment as lead plaintiff, the Board of Directors of DeKalb have received routine updates on the progress of this case from the Faruqi Firm.  DeKalb is aware of the progress that has been made and the current posture of the case, and is also aware that critical work, including the identification of expert witnesses and completion of expert discovery remains to be done.  DeKalb is prepared to step in and provide continuity of representation and leadership for the putative class and get the case back on track as expeditiously as possible.  DeKalb is an experienced lead plaintiff with a history of success serving in that capacity.

In light of the foregoing, DeKalb respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.    DEKALB'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval.  DeKalb has selected the Faruqi Firm

to be Lead Counsel for the Class.  The Faruqi Firm is a minority and woman-owned law firm and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions.[5]  *See* Ex. B; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors.  *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in the parallel state action, obtained final approval of a $13 million global settlement of the state and federal actions); *Larkin v. GoPro, Inc., et al.*, No. 16-cv-06654 (N.D. Cal. 2019) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.75 million settlement);  *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp. Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-

---

[5]	*See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), *available at* www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), *available at* www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured

the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea*

*Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5

million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-cv-06704-AJP (S.D.N.Y. 2015)

(where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc.*

*Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead

counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No.

CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class,

secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV

06-8085 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a

substantial recovery for the benefit of the Company and negotiated important corporate

governance reforms designed to make the nominal defendant corporation a model of

responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-05878-FLW-JJH

(D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement);

*In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi

Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings,*

*Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel,

recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-

JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a

$24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions.

*See, e.g.*, *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as

sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK

(D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharm. Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharms., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNW (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Sterrett v. Sonim Techns., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

## CONCLUSION

For the foregoing reasons, DeKalb respectfully requests that the Court (1) appoint DeKalb as Lead Plaintiff for the Action; (2) approve DeKalb's selection of the Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: October 29, 2020          Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ James M. Wilson, Jr.*

Nadeem Faruqi
Lubna Faruqi
Robert W. Killorin (admitted *pro hac vice*)
James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: nfaruqi@faruqilaw.com
lfaruqi@faruqilaw.com
rkillorin@faruqilaw.com
jwilson@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*DeKalb County Pension Fund and*
*[Proposed] Lead Counsel for the Class*