**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE ALLERGAN PLC SECURITIES LITIGATION | Case No. 1:18-cv-12089-CM-GWG <br><br> <u>CLASS ACTION</u> <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT**
<u>**AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**</u>

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     SUMMARY OF FACTS ................................................................................................2

III.    PROCEDURAL HISTORY.............................................................................................3

IV.     ARGUMENT .................................................................................................................4

        A.      MCERS Should Be Appointed Lead Plaintiff ......................................................4

                1.      MCERS's Motion is Timely .....................................................................5

                2.      MCERS Believes It Has The Largest Financial Interest In The Relief Sought By The Class.................................................................................5

                3.      MCERS Otherwise Satisfies The Requirements Of Rule 23 ......................6

        B.      MCERS Selected Well-Qualified Counsel To Represent The Class.......................8

V.      CONCLUSION...............................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)............................................ 8

*Chilton v. Chiumento Grp.*, 365 F. App'x 298 (2d Cir. 2010)........................................................ 5

*City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc.*,
   269 F.R.D. 291 (S.D.N.Y. 2020) ................................................................................................ 5

*In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286 (E.D.N.Y. 1998) .................................................. 6

*Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................ 5

*Lopez v. CTPartners Executive Search Inc.*,
   No. 15 Civ. 1476 (PAE), 2015 WL 2431484 (S.D.N.Y. May 18, 2015) ................................... 7

*Stitt v. On Deck Capital, Inc.*,
   No. 15 Civ. 6126 (AT), 2016 WL 889535 (S.D.N.Y. Feb. 17, 2016) ......................................... 6

**Statutes**

15 U.S.C. § 78 ...................................................................................................................... passim

17 C.F.R. § 240.10b-5 ....................................................................................................................... 1

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995) ........................................................................................... 2, 7

S. Rep. No. 104-98 (1995) ............................................................................................................... 2

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................... passim

Macomb County Employees' Retirement System ("MCERS") respectfully submits this memorandum of law in support of its motion: (1) to be appointed Lead Plaintiff; (2) for approval of its selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.  MCERS makes this motion pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and this Court's order denying class certification dated September 29, 2020 stating that "it may be that some other putative class member will step up and seek to replace [Boston Retirement System] as lead plaintiff; I will leave open that possibility for 30 days."  ECF No. 151 at 16-17.

## I.    PRELIMINARY STATEMENT

The Consolidated Amended Class Action Complaint ("Complaint") (ECF No. 58) alleges that Allergan plc ("Allergan" or the "Company") and certain of its senior officers (collectively "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Specifically, the Complaint alleges that from January 30, 2017 through December 19, 2018, inclusive (the "Class Period"), Defendants misrepresented and concealed the health risks that certain of Allergan's breast implants presented to patients.

The PSLRA governs the appointment of Lead Plaintiff in securities class actions.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA states that the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  MCERS respectfully submits that it is the "most adequate

plaintiff" by virtue of, among other things, the approximately $1.6 million in losses as calculated on a first-in, first-out ("FIFO") basis and the approximately $1.2 million in losses as calculated on a last-in, first-out ("LIFO") basis that it incurred on its investments in Allergan stock during the Class Period. MCERS also satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class.

Indeed, MCERS is more than adequate. It is precisely the type of institutional investor that Congress intended to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369 at *34 (1995); S. Rep. No. 104-98 at *6 (1995). As a sophisticated public pension plan, MCERS has significant experience serving in a fiduciary capacity and supervising the work of outside counsel. Further, MCERS fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to take on the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this case. *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

MCERS has further demonstrated its adequacy by selecting BFA, a single law firm with substantial experience successfully prosecuting complex securities class actions, to serve as Lead Counsel for the Class. Accordingly, MCERS respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.    SUMMARY OF FACTS

As alleged, Allergan is a global pharmaceutical and medical products company that develops, manufactures, and sells, among other things, breast implants. ¶2. Anaplastic large cell lymphoma ("ALCL") is a rare type of non-Hodgkin lymphoma. ¶3. Breast implant-associated ALCL ("BIA-ALCL") is ALCL that develops in women with breast implants. ¶3. The Complaint alleges that the first case of BIA-ALCL was diagnosed in 1997 (¶3) and since that time, there have been a number of medical studies linking ALCL to certain of Allergan's textured breast implants. ¶¶63-117.

According to the Complaint, Defendants misrepresented and concealed the relative strength of the link between cases of BIA-ALCL and Allergan's textured silicone-gel filled breast implants as compared to other manufacturers.  ¶10.  Among other things, Allergan told investors that there was simply a "possible association" between ALCL and breast implants and that while there were "negative reports from regulatory authorities in Europe related to a breast implant manufacturer," that manufacturer "is not affiliated with the Company."  ¶152.

Such statements were materially false and misleading because they left investors with the impression that other companies' breast implants are just as likely to be found in women with BIA-ALCL as were Allergan's products.  ¶154.  In truth, Allergan's breast implants were more closely associated with the incidence of BIA-ALCL than other breast implants on the market.  ¶¶75, 91, 100-103, 161.

The truth regarding the increased risk of the Company's breast implants began to be revealed when, on December 18, 2018, France's National Agency for the Safety of Medicines & Health Products ("ANSM") ordered the recall of textured breast implants manufactured by Allergan from the European market, announcing that the implants "have been linked to a rare form of cancer," referring to ALCL.  ¶164.  The next day, on December 19, 2018, Allergan stated that it would cease selling textured breast implants in Europe following a compulsory recall request by the ANSM.  ¶165.  On this news, the price of Allergan stock declined $10.20 per share, or nearly 6%, to close at $136.56 per share on December 19, 2018.  ¶167.

## III.    PROCEDURAL HISTORY

On March 21, 2019, the Court appointed Boston Retirement System ("BRS") as Lead Plaintiff and directed it to select one of the two law firms it retained (Pomerantz LLP or Thornton Law Firm LLP) to serve as Lead Counsel for the proposed Class.  *See* ECF No. 49.

BRS filed the Complaint on April 19, 2019.  *See* ECF No. 58.  Defendants filed a motion to dismiss on May 24, 2019 (*see* ECF No. 72) and, on September 20, 2019, the Court granted in part and denied in part the motion to dismiss.  *See* ECF No. 81.

BRS moved for class certification on January 31, 2020.  *See* ECF No. 91.  On September 29, 2020, the Court issued an order denying that motion, stating that "[t]here is absolutely no question that this action should proceed as a class action.  It is a garden-variety securities fraud suit, a type of action particularly well-suited to class treatment.  What has become clear, however, is that BRS is not the plaintiff who should be controlling the representation of the Class."  ECF No. 151 at 2.  The Court found BRS to be an inadequate Lead Plaintiff and its counsel to be inadequate Lead Counsel because they failed to heed the Court's "explicit instruction that there was to be one and only one law firm serving as lead counsel," and allowed an "undisclosed arrangement between [] two law firms, Pomerantz and Thornton" to persist that effectively allowed the firms to serve as co-lead counsel.  ECF No. 151 at 2, 11-13.

In the Court's September 29, 2020 order, the Court recognized "it may be that some other putative class member will step up and seek to replace BRS as lead plaintiff; I will leave open that possibility for 30 days."  ECF No. 151 at 16-17.

## IV.  ARGUMENT

### A.  MCERS Should Be Appointed Lead Plaintiff

MCERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also*

*Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).  Here, MCERS believes that it is the presumptively "most adequate plaintiff" because it: (1) timely filed its motion; (2) believes it asserts the largest financial interest in the relief sought by the Class; and (3) satisfies Rule 23's typicality and adequacy requirements.

> ### 1.      MCERS's Motion is Timely

The Court's September 29, 2020 order provided 30 days for "some other putative class member [to] step up and seek to replace BRS as lead plaintiff."  ECF No. 151 at 16-17.  30 days from September 29, 2020 is October 29, 2020.  MCERS filed this motion on October 29, 2020, and as such, its motion is timely.

> ### 2.      MCERS Believes It Has The Largest Financial Interest In The Relief Sought By The Class

MCERS believes that it has the "largest financial interest in the relief sought by the Class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, MCERS incurred a loss of approximately $1.6 million FIFO / $1.2 million LIFO from its investments in Allergan stock during the Class Period. While Courts in this District generally favor assessing financial interest based on a LIFO methodology, there are various other metrics that Courts have used to further analyze financial interest when warranted*.  See City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc.*, 269 F.R.D. 291, 293-295 (S.D.N.Y. 2020) (identifying LIFO as the preferred method for calculating "approximate losses," and the most important of the four "*Lax* factors" courts consider when determining largest financial interest); *see also Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as

four factors for courts to consider when determining the largest financial interest); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998) (same).[1]

To the best of MCERS's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, MCERS has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.      MCERS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, MCERS also otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing" that the movant satisfies the typicality and adequacy requirements of Rule 23.  *Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (citation omitted).  MCERS clearly satisfies both requirements.

MCERS's claims are typical of the claims of other purchasers of Allergan stock.  Typicality is satisfied when each class member's claims "arise from the same course of events, and the other class members make similar legal arguments to prove liability."  *Id.*  Here, MCERS sustained injuries virtually identical to other Class members and its claims are based on the same course of conduct because, like all other Class members, MCERS: (1) purchased Allergan stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was damaged thereby.  *See id* at *2-3 (typicality satisfied when movant "claims that

---

[1] MCERS's PSLRA-required Certification is attached as Exhibit A to the Bleichmar Decl.  A chart setting forth the calculation of MCERS's financial interest is attached as Exhibit B to the Bleichmar Decl.  These exhibits provide the trading information necessary to calculate MCERS's financial interest under all possible metrics and MCERS does not presuppose that there is only one valid methodology.

[defendant] issued false and misleading statements that caused the company's shares to trade at an inflated price [and movant's] claims arise from the same course of conduct affecting each member of the proposed class"). As such, MCERS satisfies the typicality requirement.

MCERS also satisfies the adequacy requirement of Rule 23. The adequacy inquiry focuses on whether the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See Lopez v. CTPartners Executive Search Inc.*, No. 15 Civ. 1476 (PAE), 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). MCERS satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class' claims and oversee counsel. Further, MCERS has significant experience in serving in a fiduciary capacity and in supervising the work of outside counsel. No antagonism or conflict exists between the interests of MCERS and those of absent Class members; rather, their interests are squarely aligned.

Indeed, MCERS—responsible for overseeing roughly $1 billion in assets on behalf of approximately 6,300 active and retired members—is precisely the type of large and sophisticated institutional investor that Congress encouraged to act as Lead Plaintiff in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). What's more, MCERS has a well-established history of serving as Lead Plaintiff in securities class actions. For instance, MCERS previously served as Lead Plaintiff in the securities class action *Silverman v. Motorola, Inc.*, 1:07-cv-4507 (N.D. Ill.) and secured a $200 million recovery for

the class.  In addition, MCERS served as Co-Lead Plaintiff in *In re DFC Global Corp. Securities Litigation*, 2:13-cv-6731 (E.D. Pa.) and successfully recovered $30 million for investors.

Finally, MCERS has demonstrated its adequacy through its selection of BFA as Lead Counsel to represent the Class.  As discussed more fully below, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

### B.     MCERS Selected Well-Qualified Counsel To Represent The Class

Under the PSLRA, the Lead Plaintiff is given the right, "subject to the approval of the court," to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Aude v. Kobe Steel, Ltd.*, 17-CV-10085 (VSB), 2018 WL 1634872, at *4 (S.D.N.Y. Apr. 4, 2018) (citation omitted).  Consistent with the Court's March 21, 2019 order appointing Lead Plaintiff (ECF No. 49 at 5) and September 29, 2020 order denying class certification (ECF No. at 151 at 11), MCERS selected a single law firm to serve as proposed Lead Counsel and affirms that no other law firm will work on this case absent Court approval.

BFA is among the foremost securities class action law firms in the country.  BFA's partners have served as Lead and Co-Lead counsel on behalf of dozens of institutional investors and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades.  The firm's recent matters include a $234 million recovery in *In re MF Global Holdings Sec. Litig.*, 1:11-cv-07866-VM (S.D.N.Y.); a $219 million recovery in *In re Genworth Financial Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), the largest securities class action recovery ever achieved in the Eastern District of Virginia; and a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd.*, 1:12-cv-02121-LAK (S.D.N.Y.).  Currently, BFA is serving as Lead Counsel

in the securities class actions concerning Granite Construction Inc., Teva Pharmaceutical Industries Ltd., and Endo International PLC, which courts recently sustained over defendants' motions to dismiss and are proceeding through discovery. *See The Police Retirement System of St. Louis v. Granite Construction Inc.,* 3:19-cv-4744-WHA (N.D. Cal.); *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, 3:17-cv-558-SRU (D. Conn.); *Pelletier v. Endo Int'l Plc*, 17-cv-5114-MMB (E.D. Pa.). Thus, the Court may be assured that by appointing BFA as Lead Counsel, the Class will receive the highest caliber of legal representation. *See* Bleichmar Decl., Ex. C (BFA firm resume).

## V.    CONCLUSION

For the foregoing reasons, MCERS respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of BFA as Lead Counsel for the Class, and grant such other relief as the Court may deem just and proper.

DATED: October 29, 2020                Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

   */s/ Javier Bleichmar*
Javier Bleichmar
jbleichmar@bfalaw.com
Nancy A. Kulesa
nkulesa@bfalaw.com
Ross Shikowitz
rshikowitz@bfalaw.com
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

*Counsel for Proposed Lead Plaintiff
Macomb County Employees' Retirement System
and Proposed Lead Counsel for the Class*