UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────x

IN RE ALLERGAN PLC SECURITIES         18 Civ. 12089 (CM)(GWG)
LITIGATION

────────────────────────────────────────x

This matter relates to:

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF/LEAD COUNSEL

────────────────────────────────────────x

### DECISION AND ORDER APPOINTING DEKALB COUNTY AS LEAD PLAINTIFF AND FARUQI AND FARUQI AS LEAD COUNSEL

McMahon, C.J.:

      In a decision dated March 21, 2019, this court originally appointed Boston Retirement Services (BRS) as lead plaintiff, and at BRS's request appointed the Pomerantz Law Firm as sole lead counsel for the class – rejecting a specific request that two firms be appointed as co-lead counsel. (Dkt. No. 49.)

      At the time, BRS narrowly beat out the DeKalb County Pension Fund in the competition to be appointed lead counsel. There really was nothing to choose between the two plaintiffs – both would have been adequate class representatives and both were represented by respected class counsel. BRS won out solely because its losses were (slightly) larger than those of DeKalb, which is the primary criterion for the selection of a lead plaintiff and the statutory tie-breaker when all other things are equal. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

      In a decision dated September 29, 2020, this Court declined to certify a class in this action on the sole ground that BRS had proved itself not to be an adequate class representative after all, in that its law firm had devised a work-around to the court's clear directive that there be just one lead class counsel, and BRS had acquiesced in that maneuver. *In re Allergan PLC Sec. Litig.*, No, 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020). The court gave thirty days for someone to step forward to serve as lead class plaintiff and lead class counsel; otherwise, the plaintiffs who had filed cases were free to proceed with their individual claims.

Of those who moved initially, only DeKalb – the narrow loser the first time around – reapplied to serve as lead plaintiff, with its law firm, Faruqi and Faruqi seeking designation as lead counsel for the class.[1]

However, three other Allergan shareholders – Union Asset Management Holding AG (represented by Bernstein, Litowitz, Berger & Grossman), Macomb County Employees' Retirement System (represented by Bleichmar Fonti & Auld, LLP), and the General Retirement System of Detroit (represented by Abraham, Fruchter & Twersky, LLP) sought leave to intervene in this action (since none of them had previously filed complaints) and to serve as lead plaintiff/lead counsel. All three new competitors claim losses that ranged from slightly to significantly greater than DeKalb's losses.

Nonetheless, the Court appoints DeKalb as lead plaintiff and Faruqi and Faruqi as sole lead counsel for the class.

The PSLRA requires courts to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members…" 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute sets out a comprehensive scheme for moving for lead plaintiff status, which calls for the publication of notice to all putative class members (triggered by the filing of the first complaint against the defendant) and requires anyone who seeks lead plaintiff status to come forward within sixty days and seek court approval to serve as lead plaintiff. 15 U.S.C. § 78u-5(a)(3)(A)(i)(II). The PSLRA "does not contemplate any sort of lead-plaintiff proceedings beyond the very earliest stages of the litigation." *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 WL 8179740, at *3 (N.D. Cal. Mar. 9, 2005). It is, therefore, left to the discretion of the district court faced with the need to replace a class plaintiff whether to prioritize applicants who moved within the initial sixty day period over those who did not – or, indeed, whether to consider the motions of those who did not move initially at all.

In this district, on the rare occasions when this issue has arisen, there appears to be a preference for allowing only those who had originally applied to be considered. *See In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 & n.2 (S.D.N.Y. 2009); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 142-43 (S.D.N.Y. 2007).

Those Southern District cases were recently deemed persuasive in *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *3 (N.D. Cal. Apr. 8, 2019). There, the lead plaintiff withdrew and sought to substitute a selected individual who had not initially moved for lead plaintiff status as the new lead plaintiff. The court rejected this maneuver. It concluded that timely applicants should be considered "before moving beyond the noticed pool," and appointed as the new lead plaintiff the party who had come in second in the original round of lead plaintiff motions. The court also relied on *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010), in which the court had concluded that the plain language of the PSLRA actually precluded

---

[1] Originally five potential named plaintiffs moved for lead plaintiff status; one withdrew its motion prior to decision and a second was summarily denied because the potential lead plaintiff's holdings were substantially less than the holdings of the other three movants.

consideration of a financial loss asserted in any pleading that was first filed after "the sixty day window has closed."

DeKalb is the only current applicant that filed a motion for lead plaintiff status within the sixty-day statutory window. Moreover, DeKalb was found to have satisfied all of the prerequisites for appointment as lead plaintiff at that time; it was denied the appointment only because its claimed loss was less than that of BRS. As DeKalb has reapplied to serve as lead plaintiff, the Court sees no need to look further afield. "A motion filed after the sixty-day period by a person who has not filed a complaint…is untimely, and may not, except perhaps in rare circumstances, be considered by a court." *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000). No "rare circumstances" are present here.

Moreover, as was the case in *In re MicroStrategy*, none of the three new applicants has offered any explanation – let alone a satisfactory explanation – for why it did not make a timely application to be lead plaintiff. That was one reason why the Virginia court in *In Re MicroStrategy* favored the applicant who had timely applied for lead plaintiff status over a latecomer applicant who claimed a larger loss.

Because I choose to grant the application of the one and only contender that initially and timely sought lead plaintiff status, it is not necessary to address the other arguments propounded – principally by DeKalb – for why particular latecomers might otherwise be disqualified from serving. Nor is it necessary to do anything except summarily deny as moot the motion by the General Retirement System of Detroit to strike statements in DeKalb's reply brief that bear solely on Detroit's qualifications to serve as lead plaintiff – statements that played no role in this decision.

The motion by DeKalb to be appointed as lead plaintiff is granted. DeKalb's motion to have Faruqi and Faruqi appointed as lead class counsel is granted, on the condition that the Faruqi firm and none other serve as lead counsel and perform all services for which recompense may some day be sought.

This constitutes the decision and order of the Court. It is a written decision.

The clerk is directed to close the motions at Docket Numbers 154, 157, 159, 165, and 185.

Dated: December 7, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL