```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE ALLERGAN PLC SECURITIES            :         ORDER
LITIGATION                                          18 Civ. 12089 (CM)(GWG)
                                         :
-------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

In response to the filings at Docket ## 315 and 316, the Court clarifies that the plaintiffs may question the remaining witnesses about any documents or portions thereof that were produced subsequent to the original deposition — but only as to documents or the portions thereof that were previously withheld or redacted.

As to the scope of the questioning, plaintiffs may ask questions not merely about statements in documents but also about factual matters that have a direct relationship to newly revealed information in the documents. Thus, questions must be tethered to the documents -- or newly-revealed matters in the documents -- and not simply cover areas that were previously the subject of questioning or that could have been the subject of questioning.

The plaintiffs' offer to defendants in Exhibit A to Docket # 315 reflects questions that should not have been asked at the Carty deposition. And the Court believes that there were other questions asked at the Carty deposition that go beyond what the Court intended to permit. Thus, the Court expects that the plaintiffs will more narrowly focus their questioning in the remaining depositions in light of this Order.

Nonetheless, the Court recognizes that the effort to conduct a re-deposition of a witness with limitations such as those imposed by the Court is an area with many shades of grey. For this reason, no monetary or other sanctions are appropriate inasmuch as the inevitable imprecision of the Court's limitations makes the imposition of sanctions "unjust." Fed. R. Civ. P. 37(b)(2)(C). That being said, the Court will not prevent defendants from making an application after all the remaining depositions are completed to strike questions and answers that are plainly outside the scope of the Court's ruling (or in an extreme instance to obtain other sanctions). Any such application may be made only after making a sincere effort to reach agreement with plaintiffs. And before making any such application, defendants should consider whether any such effort is an effective use of its resources and of the Court's time.

Finally, to better enforce our order, we direct that for the remaining depositions, the plaintiffs shall identify (or supply to defendants) two business days in advance of each deposition the documents or newly-unredacted portions that they will use at that deposition.

In sum, the motion for sanctions (Docket # 316) is denied. Additionally, the motions to seal the portions of the parties' letters (Docket ## 311 and 314) are granted inasmuch as the letters contain confidential business information.

SO ORDERED.

Dated: March 1, 2022
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge