UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/22

IN RE ALLERGAN PLC SECURITIES
LITIGATION

No. 18 Civ. 12089 (CM)(GWG)

**ORDER**

McMahon, J:

    Presently pending before the court are motions by both Plaintiff and Defendants seeking permission to file certain items under seal, as part of their summary judgment and related *Daubert* motions.

    Plaintiff submitted five motions to seal. (Dkt. Nos. 330, 338, 348, 389, 416.) Defendants responded identifying which of these items the Defendants assert should be (1) filed publicly; (2) filed under seal with a redacted copy filed publicly; (3) filed entirely under seal. Plaintiff does not oppose any of the positions in Defendants' Responses.

    Defendants submitted three motions to seal. (Dkt. Nos. 342, 378, 410.) Plaintiff submitted notices of Non-Opposition to two of these motions and has not responded to one. (*See* Dkt. Nos 374, 438.)

    The public has a "'qualified First Amendment right to access'" to judicial documents and proceedings. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987)). The public also has a "common law right of public access to judicial documents [which] is firmly rooted in our nation's history." *Id.* As the Second Circuit explains, this deeply rooted right is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Therefore, under both the common law and the First Amendment, "a strong presumption of access" attaches to judicial documents. *Lugosch*, 435 F.3d at 121. That presumption against public access can only be overcome if sealing "*is essential* to preserve higher values" and "*narrowly tailored to preserve that interest.*" *Id.* at 120 (emphasis added). Therefore, a party

seeking to file documents under seal has a heavy burden to demonstrate that there is some reason why the public should not have full access to all publicly-filed documents.

### Redacted and Sealed Materials

The Plaintiff and Defendants have requested that a significant number of papers and exhibits be either redacted or filed entirely under seal and they have already filed the items as such. The motions are granted but only while the summary judgment motions are being decided, with the caveat that the court is not ruling that the documents can remain under seal after the motions have been decided. At that point, the court will give the parties ten days to identify any portion of the papers, and any corresponding exhibits, that they believe should remain redacted or under seal. Parties must submit a memorandum explaining, on a line by line basis, why each designation should remain confidential in light of the presumption of public access. A ruling on permanent sealing will be made at that time.

### Third Party Witnesses Materials

Two of Defendants' motions request permission to file under seal documents that were designated "confidential" during discovery by third party witnesses Jennison Associates and Southeastern Asset Management (DeKalb's investment advisors) (the "Third Party Witnesses"). (Dkt. Nos. 342 and 410.) Defendants also redacted portions of documents that rely on the documents the Third Party Witnesses designated as "confidential."

As with the parties' items, the court must decide whether and to what extent this third-party material and the documents that rely on them can be redacted from the public record, in light of the presumption of public access to all litigation materials.

In order to facilitate the making of that decision:

(1) The Third Party Witnesses must file with the court, no later than ten days following issuance of the summary judgment decision, a memorandum explaining, on a line by line basis, why each redaction of its documents should remain confidential. The court will consider those submissions and make final rulings on the confidentiality of the redacted material.

(2) Counsel for Plaintiff shall notify counsel for the Third Party Witnesses of this order and shall place on the ECF record proof that they have done so.

(3) The failure by any Third Party Witness to respond in accordance with paragraph 1 of this order will result in the immediate unsealing of redacted information pertaining to said non-responding Third Party Witness.

### Public Filing

The parties are in agreement that certain items filed by Plaintiff under seal should in fact be made publicly available. (*See* Dkt. Nos. 330, 338, 348.) As such, the Clerk is directed to unseal Dkt. Nos. 333, 333-3, 333-4, 333-5, 333-6, 341, 371, 371-1, 371-2, 371-9, 371-10, 371-11, 371-

14, 371-15, 371-17, 371-18, 371-19, 371-21, 371-22, 371-23, 371-24, 371-25, 371-26, 371-27, 371-28, 392, 395, 397, 397-1, 397-3, 397-14, 397-98, 397-10, 397-11, 397-12, 397-15, 397-16, 397-22, 397-23, 397-26, 397-29, 397-41, 397-42, 397-48, 397-52, 397-61, 397-62, 397-66, 397-68, 397-105, 397-114, 397-121, 397-124, 397-138, 397-144, 397- 145, 397-153, 397-167, 397-169, 397-181, 397-189, 397-193, 397-196. The rest of the items filed in conjunction with the summary judgment and Daubert motions will remain temporarily sealed pending the Court's decision in those motions.

The Clerk is directed to remove the following motions from the Court's list of open motions: Dkt. Nos. 330, 338, 342, 348, 378, 389, 410, 416.

Dated: October 5, 2022
New York, New York

*[signature]*

U.S.D.J.